UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

KAREN WRIGHT,
    Plaintiff

V.

UNUM PROVIDENT CORPORATION,
    Defendant

CIVIL ACTION NO. 03-12559-WGY

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendant, The Provident Life and Accident Insurance Company, improperly named as UnumProvident Corporation, answers plaintiff's complaint as follows:

### FIRST DEFENSE

**I.   PARTIES**

The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first paragraph under Parties.

The defendant denies the allegations contained in the second paragraph under Parties.

**II.   JURISDICTION**

The defendant does not dispute the jurisdiction of this court. The allegations contained in this paragraph are contentions of law to which to response is required.

**III.   FACTUAL BACKGROUND**

1.    The defendant admits that on or about June 18, 1989, The Provident Life and Accident Insurance Company issued an individual disability insurance policy to Karen Wright. The defendant denies the remaining allegations of paragraph 1 of the Complaint.

{H:\PA\Lit\16310\00064\A0701037.DOC}

2. The defendant admits that on or about April 26, 1999, the plaintiff submitted a claim for disability benefits to Provident Life and Accident Insurance Company claiming to have become disabled as of December 12, 1998 due to lateral epicondylitis. The defendant denies the remaining allegations of paragraph 2 of the Complaint.

3. The defendant admits that allegations set forth in paragraph 3 of the Complaint.

4. The letter dated January 9, 2001 referenced in paragraph 4 of the Complaint speaks for itself and no further answer is required as to the allegations of paragraph 4 of the Complaint.

5. The defendant admits that Provident Life and Accident Insurance Company paid plaintiff benefits through March 11, 2001. The defendant denies the remaining allegations of paragraph 5 of the Complaint.

## COUNT I

6. The defendant restates and incorporates its answers to paragraphs 1 through 5 of the Complaint as if specifically set forth herein.

7. The defendant admits that Provident Life and Accident Insurance Company paid the plaintiff benefits through March 11, 2001. The defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. The defendant denies the allegations contained in paragraph 8 of the Complaint.

9. The defendant denies the allegations contained in paragraph 9 of the Complaint.

## COUNT II

10. The defendant restates and incorporates its answers to paragraphs 1 through 5 of the Complaint as if specifically set forth herein.

11. The defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     The defendant admits that on or about June 6, 2002, Provident Life and Accident Insurance Company received a letter from plaintiff's counsel dated June 3, 2002.  The defendant denies the remaining allegations of paragraph 12 of the Complaint.

13.     The defendant denies the allegations contained in paragraph 13 of the Complaint.

## SECOND DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief may be granted.

## THIRD DEFENSE

The plaintiff no longer has a contract with the Provident Life and Accident Insurance Company.

## FOURTH DEFENSE

The plaintiff's claims are barred by the terms and conditions of the Policy.

## FIFTH DEFENSE

No benefits are due the plaintiff since she is not totally disabled as defined by the policy.

## SIXTH DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the policy.

## SEVENTH DEFENSE

The decision rendered by Provident Life and Accident Insurance Company on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Provident Life and Accident Insurance Company.

## EIGHTH DEFENSE

The plaintiff's claim is barred by the doctrine of waiver of estoppel.

### NINTH DEFENSE

The defendant states that if it ever owed any benefits to plaintiff, such benefits have been paid and no further benefits are owed.

### TENTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the policy.

### ELEVENTH DEFENSE

The plaintiff has failed to comply with the conditions precedent and necessary to recover under the provisions of M.G.L. c.93A and M.G.L. c.176D.

### TWELFTH DEFENSE

Any acts by UnumProvident Corporation and Provident Life and Accident Insurance Company were not unfair or deceptive within the meaning of M.G.L. c.93A.

### THIRTEENTH DEFENSE

The provisions of M.G.L. c.176D and M.G.L. c.93A are not applicable to the actions of the defendant in this case.

### FOURTEENTH DEFENSE

The proper defendant in this case is the Provident Life and Accident Insurance Company. This is the company that issued the policy at issue in this case and remains responsible for payment of claims, if any, under the policy. UnumProvident has not assumed liability for any claims under the policy at issue in this case. Because UnumProvident is not the proper defendant, all claims against it should be dismissed.

WHEREFORE, the defendant makes demand that the plaintiff's complaint be dismissed and judgment thereon be entered in favor of the defendant with an award of costs.

UNUMPROVIDENT CORPORATION

By it attorney,

   /s/ Kristina H. Allaire
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: May 19, 2004

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Brian S. McCormick, Esq., Orlando & Associates, One Western Avenue, Gloucester, MA 01930.

   /s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: May 19, 2004